Memorandum.
The order of the Appellate Division should be reversed and the indictment, charging defendant with crim *607 inally selling a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the fifth and sixth degrees, reinstated. It was not necessary for the prosecution to introduce before the Grand Jury the tablet allegedly sold by defendant and containing lysergic acid diethylamide (LSD). The testimony of the undercover State policeman that defendant offered to sell him “ purple acid ” and his testimony about the actual sale was sufficient circumstantial evidence of the corpus delicti (cf. People v. Transamerican Frgt. Lines, 24 N Y 2d 727, 730; People v. Leonard, 8 N Y 2d 60, 61-62). Although the proceedings before the Grand Jury were more informal than would be advisable generally, the import of the evidence was clear that the LSD tablet had been transmitted through Officer Turner to the State Police Laboratory. The laboratory certificate, competent by statute (Code Crim. Pro., § 248, subd. 3), established not only the content of the tablet but its source through Officer Turner. The statute of course is constitutional (see Costello v. United States, 350 U. S. 359, 363).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed and indictment reinstated in a memorandum.