■ The People of the State of New York, Respondent, v Kenneth Joseph Reed, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 7, 1975, upon a verdict convicting defendant of the crime of criminal possession of a dangerous drug in the fourth degree. Following a jury trial, defendant was convicted of possessing a narcotic drug and was sentenced to an indeterminate term of imprisonment not to exceed four and one-half years. He contends that the trial court erred in denying his motion to strike the testimony of two of the People's witnesses, an investigator and a chemist for the New York State Police, who testified as to the chain of possession and analysis of the substance taken from defendant. At the trial it was revealed that the substance in question was inadvertently destroyed by the State Police. We find no basis in the record to grant this appeal. The alleged marijuana was analyzed by the State Police in August, 1973, and destroyed through inadvertence on February 19, 1975. It is obvious that the defendant did not intend to seek a test of the substance since he did not move prior to the trial to obtain possession of the material for analysis by his own expert. The corpus delicti in a drug case may be proven by the chemist who tested the substance in question. Furthermore, the Court of Appeals has ruled that it is not necessary in Grand Jury proceedings that the drug itself be produced. (People v Peluso, 29 NY2d 605.) While Peluso was a Grand Jury case, we see no reason why its reasoning should not apply with equal force to a trial court. (See Rosenblatt, New York's New Drug Laws and Sentencing Statutes, §§ 93–97.) CPL article 715 does not require a different result. It merely provides an elaborate procedure for court-ordered destruction of large quantities of dangerous drugs upon application by the People, saving small quantities for the trial. The purpose is, of course, to safeguard the drugs from falling into the wrong hands. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Greenblott, J. P., Sweeney, Herlihy and Reynolds, JJ., concur; Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). I respectfully dissent. Defendant was convicted on March 6, 1975 of possessing, knowingly and unlawfully, a narcotic drug consisting of one-quarter ounce or more containing cannabis, and although the earlier destruction of the alleged drug may have been the result of mistake or inadvertence, as theorized by the trial court, certainly the responsibility therefor cannot be charged to defendant. Moreover, it is likewise clear that the specific and detailed procedures for the destruction of dangerous drugs, provided in CPL article 715, were completely ignored here. Pursuant to said procedures, dangerous drugs are to be destroyed only in accordance with a court order, and, absent a waiver by defendant, he is entitled to a formal testimonial

hearing on this issue wherein the prosecution must establish both the nature and quantity of the drugs in question. Thereafter, if the court is satisfied that neither party will be prejudiced by the destruction of the substance in question, it may grant an order directing said destruction (CPL 715.20; Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, 1976 Supp, pp 98–99) under CPL 715.20. In the present instance, where both the precise nature and quantity of the substance taken from defendant are critical to the People's case and must be established to support the ultimate conviction, I cannot accept the majority's conclusion that no prejudice resulted to defendant from the destruction of said substance before trial and without any opportunity for defendant to be heard on the question in direct contravention of explicit statutory mandates. The possibility of such prejudice is both obvious and strong, and, while one purpose for the enactment of article 715 was, as stated by the majority, to safeguard drugs from falling into the wrong hands, the article was also clearly intended to further protect the rights of defendants if the detailed procedures embodied therein and set forth above are to be given any meaning at all (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98). Additional confirmation for this interpretation is found in CPL 60.70 which was enacted in conjunction with article 715 and provides that testimony or evidence relating to dangerous drugs which have been destroyed is admissible at trial where said destruction was accomplished "pursuant to the provisions of article seven hundred fifteen". Even the majority concedes that under article 715 small quantities of the alleged drug were to be saved for the trial. Such being the case, defendant's failure to seek a test of the substance prior to its destruction, which took place approximately two weeks before the trial, was understandable since he was justified in relying upon the safeguards in the statute to the effect that, absent notice to him, the alleged drug would be available for testing until the time of trial and for possible use during the conduct of the trial. As to the decision in *People v Peluso* (29 NY2d 605), any reliance thereon by the majority is clearly misplaced as that opinion was handed down over two years prior to the effective date of article 715 and gave no consideration to the purpose, meaning and intent of the subsequent enactment. Under all these circumstances and particularly in light of the obvious intent of the Legislature to guarantee further protections to defendants pursuant to article 715, the judgment of conviction herein should be reversed and the indictment dismissed.