OPINION OF THE COURT
 

 Memorandum.
 

 The order appealed from should be affirmed. Defendant contends that due to the prior inadvertent destruction by the police of the substance which formed the basis of his conviction for criminal possession of a dangerous drug in the fourth degree, the prosecution should have been precluded from proffering testimony as to the nature and amount of that substance. We disagree.
 

 Defendant’s argument is based solely on the fact that the procedures provided by CPL article 715 for destruction of large amounts of dangerous drugs prior to trial were not followed. While we would note that these statutes must be complied with whenever applicable, the failure to utilize these procedures under the facts of this case does not warrant the drastic remedy sought by defendant.
 

 In reaching this conclusion, we point out that the destruc
 
 *801
 
 tion of the contraband by the police custodian was due to a clerical error which led him to reasonably believe that the case had been dismissed. The prosecution has thus sufficiently explained the destruction, and there is no indication and, indeed, no claim of bad faith. Additionally significant is the absence of any prejudice to the defendant as a result of the destruction of the substance prior to trial. The drugs were seized in May, 1973; and, on illegal search and seizure grounds, defendant moved to suppress the seized material in November, 1973. The substance was destroyed on February 19, 1975, while the suppression motion was
 
 sub judice.
 
 Thus, the drugs were available to defendant for independent analysis or measurement for nearly two years, and were not destroyed until just prior to trial. At no time during this long period that the police had the substance did defendant seek to have the drugs examined; instead, he simply requested a copy of the police laboratory report. In light of these facts, the decision to allow testimony as to the nature and amount of the material seized did not constitute error.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
 

 Order affirmed.