(July 11, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS VALERIO, Appellant.—Judgment of the Supreme Court, New York County, rendered November 29, 1976, convicting defendant of robbery in the first degree and assault in the first degree, and sentencing defendant to concurrent terms of from 5 to 15 years imprisonment on each conviction, reversed, on the law, and a new trial ordered. The indictment charged the defendant with the armed robbery of a jewelry store. The proof established that the defendant together with three others entered the jewelry store and in the commission of the robbery shot and wounded the proprietor's wife. It was the defendant's claim that although he drove the van in which the robbers fled from the scene of the crime, he had no knowledge that a robbery had occurred. We note that the trial court did not refer to this claim of the defendant in its main charge but only in a supplemental instruction to the jury, wherein the trial court stated, "But, to be guilty under the theory of driving a get-a-way car, you have to have knowledge of what's going on and have participating [sic] to the extent of taking people to or taking them away from the scene as a participant of the get-a-way car". Defense counsel took exception to this explanation. Mere "knowledge of what's going on" or "participating" with robbers by "taking them away from the scene" of their criminal activity is insufficient to establish criminal liability by one person for the conduct of another. More is necessary. In such circumstances, for the defendant to be responsible under criminal law it must be established that the defendant intentionally aided in some manner in the commission of the robbery "with the mental culpability required for the commission" of that crime (Penal Law, § 20.00). That this claim of the defendant was troubling the jury was highlighted by the jury's subsequent question to the court whether the driver of the getaway car could be found guilty of robbery if he did not know in advance that a robbery was to be committed but realized before he drove the other defendants away, that a robbery had been committed. The court's answer, citing an example, stated in effect that a person who drives a car and aids solely in the escape can be guilty of the underlying robbery. The court's response was inadequate. Defense counsel took exception to this explanation. Whether or not the robbery was still in progress when the defendant drove the others away was a question of fact for the jury. The court's answer to the jury's question failed to encompass the possibility that the robbery might have been completed before the others entered the getaway car. Furthermore, the response ignored the prerequisites for criminal liability of one person for the conduct of another (Penal Law, § 20.00), which was the thrust of the jury's question. The court incorrectly responded to another question of the jury asking whether the driver of the getaway car could be held responsible for the assault on the proprietor's wife. The assault did not continue beyond the firing of the shot and hence was completed before the getaway. Accordingly, the court's statement that "those who are joined together in the commission of a crime are equally responsible for the acts of all others who are involved in that crime" unwittingly injected a new theory (conspiracy) into the case, which had not been utilized in the indictment or by the prosecution. We reject defendant's claim that a conviction for aiding and abetting the commission of a robbery was not permissible under an indictment charging defendant with directly committing the robbery. It is unnecessary for the indictment to specifically charge defendant with aiding and abetting in the commission of the crime charged, as defendant claims. Proof that a person aided the

commission of a crime is sufficient to sustain a conviction under an indictment charging that person with having directly committed the crime *(People v Katz,* 209 NY 311, 325-326; *People v Herbison,* 22 NY2d 946; *People v Henry,* 18 AD2d 293, 296). Concur—Murphy, P. J., Lupiano, Birns and Sullivan, JJ.; Silverman, J., dissents in part in the following memorandum: I would affirm at least the conviction of robbery. The immediate removal of the loot was part of the robbery. "Escape immediately following the taking is a necessary phase of most violent bank robberies—that is to say, the robbery is not a consummate transaction until the immediate removal phase comes to a halt." *(United States v Willis,* 559 F2d 443, 444.) In context, the fair meaning of the Judge's instruction was that if the defendant intentionally and knowingly helped the robbers to get away from the scene of the crime (with the loot of course) he was guilty. I think that is the law. Discussing a much less adequate charge, the Court of Appeals recently said: "While it may be asserted that the instructions given by the trial court were minimal, convictions are not to be set aside because, on reflection in tranquility, better charges could have been composed." *(People v Yanik,* 43 NY2d 97, 100.) *United States v Willis (supra)* involved a very similar situation with a claim by the defendant, the driver of the car, that he did not know of the robbery until after the other defendants ran out of the bank and that therefore the robbery had already been consummated and he could not be held guilty as a principal. The court rejected this argument saying (p 444): "Even if we overlook the evidence indicating appellant's guilty knowledge *prior* to the robbery, we are still left with his concession that he had been apprised of the robbery prior to the escape, and that is enough to implicate one as a principal." Ironically the discussion of law on this point by the Fifth Circuit Court of Appeals in the *Willis* case and the quotations from other courts of appeals contained in that opinion, all prepared "on reflection in tranquility", would not meet the rigid standard that the majority imposes on a Trial Judge answering a jury's question in the course of the jury's deliberations.