■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER HENTSCHEL, Appellant. — Appeal from a judgment of the County Court of Broome County, rendered April 1, 1976, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree. As a result of alleged incidents which occurred at various locations in Broome County on November 13, 1974, wherein the sale of 96 pounds of marihuana was arranged and consummated, defendant was indicted for the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree, both class C felonies. Following a jury trial, he was convicted on both counts and sentenced to a term of probation for five years. This appeal ensued. Seeking a reversal of his conviction, defendant initially contends that the Trial Judge wrongfully instructed the jury as to the law of conspiracy. We agree. Although defendant was neither indicted nor tried for conspiracy (see Penal Law, art 105), the court in its charge explained the crime of conspiracy in great detail.

Since the crimes for which defendant had been indicted were alleged to have been committed by defendant acting in concert with others, this information relating to conspiracy was apparently included in the charge by the court in an attempt to explain the distinct and independent concept of criminal liability for aiding and abetting the criminal conduct of another (see Penal Law, § 20.00). Nonetheless, in our judgment the impartation of this information to the jury could have served only to confuse that body's subsequent deliberations and might well have caused the ultimate guilty verdict upon the jury's finding that defendant was guilty as a conspirator in planning the subject illegal transaction even though he was not guilty of any other criminal conduct. Such being the case, the court's charge was prejudicial to defendant, and a new trial must be had (cf. *People v Valerio,* 64 AD2d 516; see, also, *People v Duncan,* 46 NY2d 74, cert den 442 US 910). In so ruling, we find without merit two of defendant's other contentions which he maintains require dismissal of the indictment herein. The question of the sufficiency of the evidence corroborating the accomplice testimony presented was properly left for the jury to determine *(People v Brown,* 30 AD2d 279), and the existence of the marihuana was adequately established by a chemist's testimony where the drug itself had been inadvertently destroyed *(People v Reed,* 53 AD2d 786, affd 44 NY2d 799). We need reach no other issue. Judgment reversed, on the law, and a new trial ordered. Main, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J.P., and Herlihy, J., dissent and vote to affirm in the following memorandum by Kane, J.P. Kane, J.P. (dissenting). In explaining accessorial responsibility for the conduct of another, the trial court used the very language of the governing statute (Penal Law, § 20.00) and no exception was or could have been taken to that portion of its charge. However, the majority detects prejudicial comment in subsequent instructions dealing with conspiracy principles. We disagree. The offense of conspiracy was neither alleged in the indictment nor submitted to the jury as a count upon which a verdict was required. Without defining that crime or mentioning the requirement of an overt act as proof thereof (Penal Law, § 105.20), the trial court simply employed the term in the discharge of its responsibility to adequately inform the jury on the topic of accessorial liability. In fact, it appears that defendant's attorney so understood the context in which these matters were discussed, for his exception was chiefly directed at iteration of the word conspiracy, not at the substance of the legal rules actually propounded. In any event, we are satisfied that defendant was not deprived of a fair trial by the charge delivered in this case (cf. CPL 470.05, subd 2; 470.15, subd 6, par [a]). While "Accessorial conduct may not be equated with mere membership in a conspiracy and the State may not rely *solely* on the latter to prove guilt of the substantive offense" *(People v McGee,* 49 NY2d 48, 58 [emphasis added]), it is also true that (p 57) "a conspirator's conduct in many instances will suffice to establish liability as an accomplice" (see, also, *People v Berger,* 52 NY2d 214, 219). Here, defendant's participation in the crimes charged went far beyond an illicit agreement to possess and sell controlled substances: the evidence plainly demonstrated that he was actively and directly involved in the entire venture. The imposition of accessorial responsibility was fully warranted and defendant's conviction was not made to depend, by reason of the trial court's charge, on his incidental status as a conspirator (cf. *People v Luciano,* 277 NY 348). Unlike the situation in *People v Valerio* (64 AD2d 516), the jury exhibited no difficulty in appreciating what was a proper development of the law applicable to the facts presented in the course of the instant trial. We have exam-

ined defendant's remaining arguments and since we find them lacking in merit, the judgment should be affirmed.