THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHN ROBERT DE ZIMM, Appellant.

Third Department, July 26, 1984

634

APPEARANCES OF COUNSEL

*James R. Hickey, Jr.*, for appellant.

*Benjamin J. Bucko, District Attorney (Michael Costello* of counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

Defendant's indictment and convictions are based upon the sale of 23 methaqualone tablets to a State Police undercover agent for $80 on October 2, 1980, and a sale of what was purported to be one-half gram of cocaine to the agent on the following evening. Defendant did not deny that these transactions occurred, but relied principally upon an agency defense. He raises several issues in urging reversal.

First, we are unpersuaded by defendant's contention that, as a matter of law, the prosecution failed to disprove agency beyond a reasonable doubt. The issue posed when this defensive position is invoked is whether the accused acted in the transaction "solely" as the agent of the buyer (*People v Lam Lek Chong*, 45 NY2d 64, 73, cert den 439 US 935; *People v Branch*, 13 AD2d 714). "To be an agent of his buyer, a narcotics merchant must be a mere extension of the buyer. He may act to procure what the buyer wants because the buyer has asked him to do so, but not out of any independent desire or inclination to promote the transaction" (*People v Argibay*, 45 NY2d 45, 53-54, cert den *sub nom. Hahn-DiGuiseppe v New York*, 439 US 930). The

issue is generally one of fact for the jury (*People v Lam Lek Chong, supra,* p 74), and this case presents no exception. Among the items of evidence which the jury could have credited in rejecting agency were that defendant retained two methaqualone tablets out of the October 2 transaction; that he purchased more cocaine from his supplier than he sold to the agent; that on another occasion he returned a portion of the drugs received from his supplier because he "couldn't sell them"; and that the quantity of cocaine delivered to the agent here was actually less than the one-half gram which he agreed to sell and for which he was paid.

■ Next, defendant urges reversal because the October 2 transaction was monitored electronically by the State Police and he was not furnished a tape recording of the conversations which took place. Thus, defendant argues, he was denied access to potentially exculpatory evidence which could have substantiated his version of the transaction (citing *Brady v Maryland,* 373 US 83; *United States v Bryant,* 439 F2d 642; *People v Saddy,* 84 AD2d 175). Here, however, there was uncontradicted evidence that, in fact, the monitoring of the transaction was solely for the purpose of insuring the safety of the undercover agent in this first encounter with defendant and that it was never recorded. Thus, there was no potentially exculpatory evidence which came into being for which a duty to preserve could have been imposed. We decline to extend the holdings of the *Bryant* and *Saddy* cases (*supra*) to impose a duty to *record* all monitored transactions simply because of a speculative assumption that, if recorded, they may have contained potentially exculpatory information. This is particularly so since even the loss of tapes or notes of pertinent conversations which had once come into existence does not alone establish a deprivation of due process (*United States v Augenblick,* 393 US 348, 355-356; *Killian v United States,* 368 US 231, 242-243).

■ The only other point made by defendant meriting extended discussion relates to the admissibility of the opinion testimony of a State Police chemist identifying the substances defendant sold as methaqualone and cocaine on the basis of tests he performed. Defendant argues that no

proper foundation was laid for the chemist's testimony, since it was partly based on comparing graphs produced in the testing process with graphs contained in an "Analytical Manual" published by the Federal Drug Enforcement Administration, the accuracy of which was not established and the manual itself not having been produced in court. The chemist testified, however, that the manual was accepted literature in the field and used and relied upon extensively by forensic laboratories. This was a sufficient foundation, since an expert is permitted to rely upon hearsay material "if it is of a kind accepted in the profession as reliable in forming a professional opinion" (*People v Sugden,* 35 NY2d 453, 460).

■ A second objection to the use of the chemist's testimony is based on his failure to have preserved and produced in court the graphs showing his test results. Defendant again suggests that this constituted an impermissible failure to preserve potentially exculpatory evidence which may have had value in undermining the expert's opinion that the substances were illegal drugs. What is critically significant on this issue is that, although the graphs were not preserved, portions of the tested substances themselves were kept in being and were offered to the defense for independent testing. Defendant chose not to avail himself of this opportunity to test. As the United States Supreme Court has recently held, the constitutional mandate upon the prosecution to preserve evidence is limited to evidence that might be expected to play a *significant* role in an accused's defense (*California v Trombetta,* 467 US __, __, 104 S Ct 2528, 2534). To meet this test of materiality, it must be shown, *inter alia,* that the missing evidence was of such a nature "that the defendant would be unable to obtain comparable evidence by other reasonably available means" (*supra,* p __, p 2534). Since the best potentially exculpatory evidence to impugn the chemist's opinion was the tested substances themselves and these were made readily available to defendant for further testing, defendant has clearly failed to satisfy the requirement of establishing this element of materiality. Hence, the failure to preserve the graphs does not require reversal.

We have examined defendant's remaining points, as well as those raised in his *pro se* brief, and find them equally

without merit. Accordingly, defendant's convictions should be affirmed in all respects.

KANE, J. P., MAIN, WEISS and MIKOLL, JJ., concur.

Judgment affirmed.