■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM R. WAGSTAFF, JR., and JOHN V. DE SHANE, Respondents. — Appeal from an order of the County Court of St. Lawrence County (Duskas, J.), entered March 6, 1984, which granted defendants' motions to suppress evidence and dismiss the indictment.

On July 18, 1983, the St. Lawrence County Sheriff's Department (department) seized vegetative matter which was then sent to the State Police laboratory for analysis. After the vegetative matter was determined to be marihuana weighing approximately 16½ pounds, it was returned to the department for storage as evidence. Defendants, who had been arrested at the time the vegetative matter was seized, were ultimately indicted in November, 1983 for criminal possession of marihuana in the first degree (Penal Law, § 221.30) and growing of a plant known as cannabis by unlicensed persons (Public Health Law, § 3382). Defendants sought, as part of their omnibus motion, an order to examine the alleged marihuana; County Court granted their request. The St. Lawrence County District Attorney then informed defendants that the vegetative matter had been destroyed but that the State Police laboratory report was available for inspection.

Defendants moved to suppress any information concerning the destroyed evidence and to dismiss the indictment on the ground that they were prejudiced by not being able to analyze the vegetative matter so as to refute its character and weight. A

suppression hearing was held in which it was revealed that the vegetative matter was destroyed as part of a cleanup of the department's evidence room, apparently even before the indictment was issued and with the knowledge and consent of the District Attorney. County Court granted the motions to suppress, finding that the destruction of the evidence was contrary to defendants' rights and in bad faith, and dismissed the indictment. From the order entered thereon, the People appeal.

The People are obligated to preserve evidence and where discoverable evidence gathered by the prosecution or its agents is lost, the People have a heavy burden of establishing that diligent, good-faith efforts were made to prevent the loss (see, e.g., *People v Kelly,* 62 NY2d 516, 520). There is no serious dispute that the lost evidence should have been preserved and was discoverable, and we do not hesitate to agree with County Court that the destruction of the vegetative matter was improper and in bad faith. The record clearly establishes that the evidence was destroyed as part of a routine cleanup of the department's evidence room with the knowledge and consent of the District Attorney, who was also aware that the evidence was part of a pending criminal investigation. Indeed the People do not offer any serious explanation as to why they should not be held accountable for the loss. Thus, it is necessary to determine what sanctions should be imposed for the improper acts of the People.

In *People v Kelly* (*supra,* p 520), the Court of Appeals recently made clear that: "In fashioning an 'appropriate' response to the prosecutor's wrongful failure to preserve evidence (see CPL 240.70, subd 1), the degree of prosecutorial fault surely may be considered, but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society." Furthermore, the Court of Appeals stated, "as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" (*id.,* at p 521). Defendants claim that dismissal was warranted in this case because the destruction of the vegetative matter deprived them of the opportunity to analyze it, thereby preventing the possibility of refuting that the evidence was marihuana or was less than 10 pounds, so as to reduce the charge, and of effectively cross-examining the State Police chemist who did the analysis. We have recently observed that "the best potentially exculpatory evidence to impugn the chemist's opinion was the tested substances themselves" (*People v De Zimm,* 102 AD2d 633, 636). The Court of Appeals has also recognized the essential nature of affording a defendant facing

similar charges the opportunity to examine and analyze the evidence when it stated, "For refutation of the charge against him there was no acceptable alternative to scientific testing by experts of his choice" (*People v White*, 40 NY2d 797, 798). Thus, we do not hesitate to conclude that defendants were prejudiced by the destruction of the evidence and their resulting inability to test it.

We are not persuaded contrarily by those cases in which drug convictions have been upheld where evidence was destroyed but a police chemist who had analyzed the evidence testified that the evidence was, in fact, drugs (see, e.g., *People v Hentschel*, 80 AD2d 943, 944, affd 54 NY2d 740; *People v Reed*, 53 AD2d 786, affd 44 NY2d 799). These cases involved the destruction of evidence where the criminal proceeding had been pending for a lengthy period of time, during which the defendants had made no attempts to analyze the evidence. Thus, in these cases, it could be said that no prejudice resulted to the defendants from the destruction of the evidence. In this case, however, the evidence was apparently destroyed before defendants were ever indicted and, thus, they never had even the opportunity to analyze the evidence. The prejudice to defendants under these circumstances is evident and the only way to eliminate such prejudice, in the absence of acceptable alternatives to scientific testing and of the best potentially exculpatory evidence to impugn the chemist's opinion, is to prevent the prosecution from using any information resulting from the analysis of the destroyed vegetative matter. Accordingly, County Court properly granted defendants' motions to suppress.

This determination, however, does not require the indictment to be dismissed. County Court denied a motion to suppress an inculpatory statement by defendant William Wagstaff and, from this statement, it appears that if there is other sufficient corroboration (CPL 60.50; see *People v Lipsky*, 57 NY2d 560), he could be found guilty of a violation of section 3382 of the Public Health Law, as charged in the second count of the indictment, and/or of unlawful possession of marihuana (Penal Law, § 221.05) as a lesser included offense of criminal possession of marihuana in the first degree, as charged in the first count of the indictment (cf. *People v Ferguson*, 81 AD2d 1020).*

Order modified, on the law, by reversing so much thereof as dismissed the indictment, indictment reinstated, and the matter

---

* The facts surrounding the utterance of defendant Wagstaff's inculpatory statement are not revealed in the record and, thus, we are unable to determine how this statement may reflect on the guilt or innocence of defendant John De Shane.

remitted to the County Court of St. Lawrence County for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.