■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED YARBER, Appellant.—Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered August 31, 1983, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree, and (2) from a judgment of said court, rendered September 16, 1983, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

A State Police narcotics investigation generated an indictment of defendant and Sandra Rosebeck for criminally selling marihuana. They were tried together after County Court refused to accept Rosebeck's plea of guilty. At trial, the prosecution relied principally on the testimony of an informant and an undercover investigator who testified that, on the evening of March 28, 1983, they purchased 29 grams of marihuana from defendant and Rosebeck at her apartment. Defendant maintained that Rosebeck alone engineered the sale; he testified further that the undercover officer had provided cocaine which all four people consumed. Rosebeck's two teen-age sons verified the latter claim, as did Rosebeck, who took the stand against her lawyer's advice and exonerated defendant by admitting sole responsibility for the marihuana sale. Nevertheless, the jury convicted defendant as charged.

Thereafter, defendant pleaded guilty to the offense alleged in a second indictment, filed against him alone, charging him with criminal sale of a controlled substance in the second degree. Defendant admitted that on the same evening that the officer and informant purchased the marihuana, he had agreed to sell them cocaine. County Court sentenced him as a predicate felon to a prison sentence of three years to life, to run concurrently with the 2-to-4-year sentence received on the marihuana sale conviction. Defendant now seeks reversal of both convictions; we affirm.

The criticisms directed at the conviction based on defendant's guilty plea merit little attention. Defendant's contrary argument notwithstanding, County Court did indeed inquire fully into the factual basis for the plea. While defendant made it clear at the plea proceeding that cocaine had not actually been transferred, it is equally obvious from his responses to the court's questioning that he had in fact agreed to sell cocaine. Furthermore, the court was aware of the circumstances surrounding this transaction; they had been explored at length during defendant's trial on the marihuana sale charge. We observe no shortcoming or unfairness in the plea allocution, nor any need for the court to have inquired more

comprehensively of defendant than it did *(see, People v Hlinka,* 99 AD2d 497).

Similarly devoid of merit is defendant's claim that lack of communication with defense counsel and fear that a life sentence would result if he went to trial caused him such duress that his plea was involuntary. The record furnishes no support for the charge that communication with counsel was wanting, and the pressures which confronted defendant, no neophyte in the criminal justice system, were those commonly faced by any defendant evaluating a plea. And as his argument, couched in due process terms, essentially embodies these same assertions, it is also unconvincing.

In assailing his conviction for illegally selling marihuana, defendant initially urges that County Court's instruction to the jury, i.e., that he could be held criminally liable as an accomplice to the sale, was improper since he had not been indicted for aiding and abetting but as a principal. That the court's instruction was not incorrect is apparent from *People v Valerio* (64 AD2d 516), where it was held that "[p]roof that a person aided the commission of a crime is sufficient to sustain a conviction under an indictment charging that person with having directly committed the crime" *(id.,* pp 516-517).

It is also urged that County Court's refusal to accept Rosebeck's plea of guilty before trial *(see, People v Rosebeck,* 109 AD2d 915) effectively denied defendant a fair trial. That contention has as its basis the suggestion that her status as an admittedly guilty codefendant deprived him of the opportunity to interview her before trial and subjected him to the taint of her guilt. The argument is illusory, for Rosebeck testified at trial to defendant's innocence and her own sole responsibility for the crime. Moreover, she corroborated defendant's testimony in every detail. How a pretrial interview would have improved her testimony regarding the absence of culpability on defendant's part has not been satisfactorily demonstrated.

Nor is defendant's claim of ineffective assistance of counsel, which is grounded on defense counsel's electing to forego cross-examination of Rosebeck, persuasive. Given that her direct testimony exculpated defendant and that the likelihood of eliciting additional favorable information from her was slim, counsel's determination constituted a reasonable trial strategy; in no way did it detract from the vigorous defense he provided *(see, People v Baldi,* 54 NY2d 137, 147).

With respect to the adequacy of the People's evidence, we note that since the People prevailed at trial, we must assume

that the jury credited the testimony of the informant and the undercover policeman *(see, e.g., People v Kennedy,* 47 NY2d 196, 203). These witnesses provided ample proof of defendant's participation in the sale. Contrary versions by defense witnesses, as well as inconsistencies in the testimony of the People's witnesses, presented nothing more than issues of credibility for the jury to resolve *(see, People v Barnes,* 50 NY2d 375, 381).

As for the sentences imposed, they are neither harsh nor excessive.

Judgments affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.