■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HENDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 14, 1983, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence:

Ordered that the judgment is affirmed.

The defendant challenges the trial court's determination that the prosecution could adduce evidence at trial regarding

the substance which formed the basis of the defendant's conviction, notwithstanding that that evidence was inadvertently destroyed prior to the trial in violation of the procedures prescribed by CPL article 715, which require, *inter alia,* that the defendant be notified of the imminent destruction (CPL 715.10 [2] [b]; *see, People v Reed,* 44 NY2d 799).

The inadvertent destruction was authorized by an Assistant District Attorney who sufficiently explained the circumstances leading to the destruction. Indeed, the defense counsel essentially conceded that the destruction was not in bad faith. Moreover, no prejudice has resulted to the defendant as a result of the destruction of the substance prior to trial. While the defendant moved for an independent inspection of the substance in August of 1982, one month prior to its destruction, he made no attempt to analyze the evidence during the pendency of the criminal proceeding until the commencement of the trial in September of 1983 *(see, People v Reed, supra,* at p 801; *People v Wagstaff,* 107 AD2d 877, 879). In addition, at trial, the defendant never disputed that the seized substance was heroin and indeed, his own witness testified that the contents of the glassine envelope, the sale of which both he and the defendant were charged, were drugs. Finally, a police chemist who had analyzed the evidence testified that it was, in fact, heroin.

Thus, we conclude that the trial court's ruling was proper.

We have examined the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.