■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DERESKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered September 23, 1982, convicting him of attempted murder in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 25, 1981, Police Officers Nunns and Hofelich received a radio transmission directing them to an address in Queens where a man was reported to be harassing two women with a gun. The uniformed officers proceeded to that address and knocked on the door. In response to an occupant's query, the officers identified themselves as police officers. After a brief pause, the door of the apartment abruptly swung open revealing a man holding a shotgun which pointed towards the floor. Before the officers could draw their own weapons or take cover, the defendant raised the gun to shoulder level and aimed it at their heads. Officer Hofelich saw the defendant's hands near the trigger housing of the gun and heard a sound he associated with the trigger being pulled on a gun that misfires. Although Officer Nunns's eyes were transfixed on the barrel of the gun, he heard the familiar click of a trigger being pulled. The defendant's female companion testified that she watched as the defendant jumped up and back while pulling the trigger with his right forefinger. She also heard the resultant metallic click. The shotgun, however, failed to fire. As the officers retreated in an attempt to protect themselves, the defendant escaped out of a rear window, taking the gun with him.

Contrary to the defendant's contentions, the record discloses that there was more than legally sufficient evidence to sustain the jury's verdict convicting the defendant of two counts of attempted murder in the first degree *(see,* Penal Law § 125.27 [1]; § 110.00; *see also, People v Perez,* 64 NY2d 868). The jury was entitled to find that the defendant intended to murder the uniformed police officers based on the testimony that he aimed the gun at their heads, pulled the trigger hard enough so that three eyewitnesses heard the resultant click, jumped up and back in anticipation of the force of the discharge, and fled when the gun failed to discharge. It is no defense to a

prosecution for an attempt to murder a police officer that the crime was factually impossible because the gun malfunctioned (see, Penal Law § 110.10). Although the defendant may not have succeeded in his purpose, his conduct came " 'within dangerous proximity to the criminal end to be attained' " and was sufficient to support a conviction for attempted murder (People v Bracey, 41 NY2d 296, 300, rearg denied 41 NY2d 1010).

In addition, we find that the sanction imposed on the People by the trial court as a penalty for the inadvertent destruction of the gun constituted a proper exercise of discretion and minimized the prejudice, if any, to the defendant (see, People v Bay, 67 NY2d 787; People v Shapiro, 117 AD2d 688, 689, lv denied 67 NY2d 950). The suppression of the ballistics reports and the preclusion of expert testimony resulted in the dismissal of one count of the indictment and acquittal on another involving weapons possession. More importantly, the absence of the gun from the trial had no bearing on the question of the defendant's innocence or guilt of attempted murder. Nor is there any evidence of bad faith on the part of the law enforcement officials. The defendant's inaction in failing to inspect the gun prior to trial further negates any claim of prejudice since the gun was not an essential element in the preparation of the defendant's trial strategy (see, People v Reed, 44 NY2d 799; People v Wagstaff, 107 AD2d 877, 879, appeal dismissed 66 NY2d 613). Under the circumstances of this case, the trial court did not abuse its discretion in declining to dismiss the indictment (see, People v Kelly, 62 NY2d 516; People v Shapiro, supra, at 689).

We further agree with the determination of the trial court that viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence warranted the submission of the defense of extreme emotional disturbance to the jury (see, Penal Law § 125.25 [1] [a]; § 25.00 [1]). There was no evidence of a loss of self-control or of a reasonable excuse for such an emotional state (cf., People v Moye, 66 NY2d 887; People v Casassa, 49 NY2d 668, 679, cert denied 449 US 842). The fact that the defendant and his female companion argued prior to the arrival of the police is insufficient to give substance to the defense that the defendant acted under extreme emotional disturbance. Nor does the fact that the defendant may have used drugs in the past and smelled of liquor at the time of the incident bear on the defense (see, People v Knights, 109 AD2d 910).

We have considered the defendant's remaining contentions

and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.