■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered April 5, 1984, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 28, 1983, two detectives from the Brooklyn South Narcotics Office set up an observation post on the top floor of an abandoned building located on the corner of 42nd Street and 15th Avenue in Brooklyn. At about 12:00 noon they observed the defendant sitting on an abandoned car. Periodically, people would approach him and after a brief conversation, the defendant would go around to the rear of the car and

remove something from the gas cap area. At 12:40 P.M. the detectives observed a woman approach a man and give him some money which the man in turn gave to the defendant. The defendant then went to the rear of the car, removed a black pouch from the area of the gas cap, and took out a red object. He gave the red object to the woman and replaced the pouch. The woman put the red object into her right pants pocket and she left the area with the man who gave the defendant the money. Minutes later, pursuant to a radio communication sent by the observing detectives, the woman and man were arrested by the apprehension team and the red packet, which was later found to contain heroin, was recovered from the woman's right pants pocket. The defendant was arrested shortly thereafter and the black pouch which was recovered from the gas cap area of the automobile was found to contain four red packets. These red packets were later all found to contain heroin. The black pouch and four red packets which were recovered from the automobile were admitted into evidence at trial; however, the red packet which was recovered from the woman was not, as it had been destroyed upon the discontinuance of the case against her.

Viewing this evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the trial court's evidentiary rulings were erroneous and deprived him of a fair trial. Testimony regarding the narcotics which were seized from the female purchaser was properly admitted into evidence despite the pretrial destruction of the narcotics. The testimony at trial demonstrated that the destruction of this evidence was clearly inadvertent; thus the imposition of sanctions was not warranted *(see, People v Caple,* 106 AD2d 511; *cf., People v Wagstaff,* 107 AD2d 877). We additionally note that the defendant never sought the production of this evidence prior to trial; rather, it was only when it came to his attention that the evidence had been destroyed that he expressed an interest in examining it. Under these circumstances, the "defendant forfeited whatever right he had to demand production of the [evidence] and, consequently, he cannot now complain about the People's failure to preserve it" *(People v Allgood,* 70 NY2d 812, 813, citing *People v Reed,* 44 NY2d 799). Testimony regarding the defendant's numerous

trips to the gas cap area of the car, though arguably indicative of the commission of uncharged crimes, was also properly admitted since it demonstrated the defendant's control over the area and thus his possession of the narcotics found therein *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264).

We have reviewed the defendant's remaining contention and have found it to be unpreserved, and, in any event, without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.