■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SCOTT, Appellant

The hearing court's determination that the People met their burden of establishing by clear and convincing evidence that the in-court identifications of the defendant by the complainants were not tainted by the improper pretrial identifications is not against the weight of the evidence, given the length of time the complainants, who are police officers, viewed their assailant, the circumstances under which that viewing occurred, and the certainty demonstrated by the officers when they initially identified the defendant as their assailant *(see, Neil v Biggers,* 409 US 188, 199; *People v Rahming,* 26 NY2d 411).

The defendant contends that the jury's verdict is against the weight of the evidence because the complainants did not have an adequate opportunity to view their assailant and are not worthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that

the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant failed to establish that the failure to provide him with notice of the auctioning off of the car involved in the incident caused him undue prejudice (see, Penal Law § 450.10 [10]). Furthermore, the trial court did not err in denying the defendant's motion to preclude any evidence connected with the car. The car was not auctioned off in bad faith or with intent to hinder the defense, it was available for inspection for almost six months before it was auctioned off, pictures had been taken, the car had been inspected shortly after it was discovered, and the car was not a crucial piece of evidence against the defendant (see, People v Reed, 44 NY2d 799; People v Henderson, 123 AD2d 883, lv denied 69 NY2d 712; People v Astwood, 113 AD2d 946).

The sentencing court did not improperly exercise its discretion in imposing the maximum sentence permissible. We also find that the sentence was neither unduly harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.