■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR DAVIS, Appellant.

Contrary to the defendant's contentions, the evidence adduced at the *Wade* hearing reveals that the identification procedures were neither improperly conducted nor unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738, 740; *People v Burwell,* 26 NY2d 331; *People v McCoy,* 131 AD2d 787). The hearing record also supports the alternative conclusion that the complainant's recollection of the defendant as one of her assailants had a source independent of any photographic identification *(see, People v Adams,* 53 NY2d 241; *People v Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 737; *People v Barksdale,* 133 AD2d 770, *lv denied* 70 NY2d 1003).

We further conclude that, viewed in its entirety, the alibi instruction properly conveyed the relevant principles of law to the jury *(see, e.g., People v Canty,* 60 NY2d 830; *People v Hydleburg,* 127 AD2d 792, *lv denied* 70 NY2d 648). The trial court was not required to marshal or refer to the evidence to any extent greater than was necessary to explain the application of the law to the facts (CPL 300.10 [2]). Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.