■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARINELLI, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered December 20, 1985, convicting him of criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree, criminal possession of stolen property in the third degree (seven counts), forgery in the second degree (three counts), criminal impersonation in the second degree (four counts), grand larceny in the second degree and violations of the Vehicle and Traffic Law §§ 511, 1180 (b) and (d), upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

A plea of guilty results in the forfeiture of appellate review of certain nonjurisdictional defects (see, People v Thomas, 74 AD2d 317, affd 53 NY2d 338). Thus, the defendant has for-

feited his right to appellate review of the trial court's granting of the People's severance motion *(cf., People v Mitchell,* 128 AD2d 731, *lv denied* 69 NY2d 1007), his claim that certain identification testimony should have been suppressed on the ground that the People had failed to provide notice of their intent to offer such evidence at trial *(see,* CPL 710.70 [2]; 710.30 [3]; *People v Taylor,* 65 NY2d 1) and the trial court's ruling with regard to the defendant's *Sandoval* motion *(see, People v Zangrillo,* 105 AD2d 822).

In addition, the defendant's contention that the search of his home was based on an unlawful search warrant was found to be without merit in a prior determination of this court *(see, People v Marinelli,* 100 AD2d 597). We find no reason to disturb our previous decision.

Finally, there is no merit to the defendant's further argument that the hearing court improperly denied his request to suppress the proposed in-court identification of him by two witnesses. The People met their burden of demonstrating that a source existed for the proposed identification testimony of an eyewitness and a police officer, independent of any taint by the suggestive photographic identification procedures employed by the police *(see, People v Davis,* 140 AD2d 618; *People v Scott,* 140 AD2d 557; *People v Watkins,* 121 AD2d 583, *lv denied* 68 NY2d 918). Each witness had an ample opportunity to closely observe the defendant, under adequate lighting conditions, and each one was able to describe the defendant in great detail and identify him with certainty. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.