■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO A. NUNEZ, Appellant.—Judgment unanimously af-

firmed. Memorandum: Defendant appeals from his conviction of criminal sale of a controlled substance in the first degree. He contends that the verdict is against the weight of the evidence; that it was error to admit the cocaine into evidence; that the identity of the cocaine was insufficiently established; that he was deprived of a fair trial by the court's evidentiary rulings and jury instructions; and that the sentence of 25 years to life is excessive.

The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The proof establishes that defendant participated in the sale by taking the drugs to the location of the sale and suggests that he left with the sale proceeds. Defendant's culpable mental state was established by accomplice testimony, by defendant's false statements before the Grand Jury, and by the wire tap evidence.

Admission of the cocaine was erroneous in the absence of testimony tending to establish its identity and unchanged character. Nonetheless, the error does not require reversal of defendant's conviction, which rests on proof that sufficiently establishes the identity between the substance sold to the undercover officer and that determined by the chemist to be cocaine (see, People v Hentschel, 80 AD2d 943, 944, affd 54 NY2d 740; People v Reed, 53 AD2d 786, affd 44 NY2d 799).

The photographs were properly admitted by the court to show that defendant had made false statements, thus evincing consciousness of guilt. The wiretap evidence did not violate CPL 700.15 (4), was not irrelevant, and did not violate the hearsay rule. Further, the court did not err in allowing the investigating officer to read his English translation of the telephone conversations.

Reversal is not required as a result of the court's instructions. On the whole, the charge on intent was accurate and not prejudicial to defendant.

Finally, we cannot conclude that the court abused its discretion in sentencing defendant to the maximum term of 25 years to life. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.