■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CARRERAS, Appellant. [619 NYS2d 25] —Judgment, Supreme Court, Bronx County (William Wallace, J.), rendered April 16, 1990, convicting defendant, upon his plea of guilty, of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree (two counts), burglary in the first degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree

(two counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (two counts), and unlawful imprisonment in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 to 16 years on the first degree robbery counts, 7½ to 15 years on the second degree robbery counts, 3½ to 7 years on the second degree assault counts, 8 to 16 years on the first degree burglary counts, 3½ to 7 years on the third degree grand larceny count, and 2 to 4 years on the remaining counts, unanimously affirmed.

No reason exists to disturb the hearing court's finding that defendant's warned statements were neither influenced by his earlier unwarned statements, there having been a definite and pronounced break of almost 24 hours between the two interrogations *(see, People v Chapple,* 38 NY2d 112, 115), nor the result of the " 'cat [being] out of the bag' " *(supra,* at 114). Nor did the sentencing court abuse its discretion in refusing to allow defendant to withdraw his guilty plea based upon his bare assertion of innocence *(People v Brown,* 142 AD2d 683; *People v Pettway,* 140 AD2d 721, *lv denied* 72 NY2d 922), or his fear that his criminal history would necessarily lead to a conviction *(People v Parker,* 85 AD2d 565; *People v Yarber,* 122 AD2d 433). Defendant's challenge to the sufficiency of his allocution is not preserved as a matter of law, and we decline to review it in the interest of justice. Defendant's claim based on *Payton v New York* (445 US 573) is also not preserved as a matter of law, and cannot be reviewed in the interest of justice since no record was made as to whether defendant had a legitimate expectation of privacy in the apartment where he was arrested. We have reviewed the defendant's claim that the sentence imposed was excessive and find it to be meritless.

Reargument granted and, upon reargument, the unpublished decision and order of this Court entered on January 27, 1994 (Appeal No. 50936) is recalled and vacated and a new decision and order decided simultaneously herewith. Concur— Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.