OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The evidence showed that the defendant, in the culmination of a long-standing disagreement, shot and killed the victim in a bar after an argument over money, which the victim claimed was owed him, and after the victim placed his hand on the defendant’s plate of food. Under these circumstances the trial court was not obligated to charge the affirmative defense to murder in the second degree that the defendant “acted under the influence of extreme emotional disturbance” (Penal Law, § 125.25, subd 1, par [a]).
*743 In order for a defendant to be entitled to a charge on “extreme emotional disturbance” there must be evidence sufficient for a jury to find, by a preponderance of the evidence, that the elements of this affirmative defense were established (cf. People v Watts, 57 NY2d 299). Here there was no evidence which suggested the presence of “extreme emotional disturbance” (cf. ALI Model Penal Code, § 210.3, Comment, p 61) and thus charging the affirmative defense would have invited the jury to impermissibly speculate as to the defendant’s state of mind at the time of the shooting. At most, the evidence at trial showed that the defendant acted out of anger or embarrassment, or both. While these emotions might sometimes serve as the “reasonable explanation” for the presence of “extreme emotional disturbance” they are not equivalent to the loss of self-control generally associated with that defense, and are not necessarily indicative of the “mental infirmity”, not rising to the level of insanity, discussed in People v Patterson (39 NY2d 288, 302, affd 432 US 197; see People v Casassa, 49 NY2d 668, 677-678).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.