■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. LYNESS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of

conviction for attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]), robbery in the second degree, two counts of reckless endangerment in the first degree, criminal use of a firearm in the second degree, unauthorized use of a motor vehicle and prohibited use of a dangerous weapon. His chief argument on appeal is that the court erred in refusing to charge the affirmative defense of extreme emotional disturbance (Penal Law § 125.27 [2] [a]) in submitting to the jury the attempted murder charge in connection with the shooting of a police officer who was attempting to arrest defendant. We disagree.

There is evidence that defendant had ingested large amounts of alcohol and drugs and was under extreme emotional stress because of his wife's infidelity. He had argued with his wife earlier in the day and had armed himself with a shotgun and shells with which he intended to shoot his wife's lover. The shooting of the police officer occurred several hours after the argument with his wife, while defendant was attempting to elude capture for car theft. He testified that he did not intend to kill or injure the policeman but that he only intended to provoke the policeman into firing back at him so that he would be killed. There was no showing that defendant's actions in firing in the direction of the police officer (who was seeking protection behind a tree) were prompted by or in any way related to the feelings of rage, jealousy or hatred which he had harbored toward his wife and her lover (see, People v Casassa, 49 NY2d 668, cert denied 449 US 842; People v Walker, 100 AD2d 220, affd 64 NY2d 741; People v Shelton, 88 Misc 2d 136, affd 78 AD2d 821). Moreover, defendant's sworn testimony that he did not intend to hit the police officer or to harm him in any way but intended only to provoke the police officer into shooting back is incompatible with the affirmative defense of extreme emotional disturbance (see, 2 CJI [NY] PL 125.25 [1], at 209). As in People v Adams (72 AD2d 156, 162, affd 53 NY2d 1, cert denied 454 US 854), the defendant did not take the position that "he committed the acts alleged to have been committed by him, but did so in light of a mental infirmity rendering him less culpable" (emphasis added).

We have examined the other contentions of defendant and find them to be without merit. In view of our holding here, we do not reach the People's contention that the affirmative defense of extreme emotional disturbance cannot, as a matter of law, be asserted by a defendant charged only with an attempt to commit murder, first degree. (Appeal from judg-

ment of Oneida County Court, Buckley, J.—attempted murder, first degree, and other offenses.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.