Jasen, J.
(dissenting). The question presented upon this *891 appeal is whether the trial court erred, as a matter of law, in finding that defendant had not set forth sufficient credible evidence to warrant a jury charge as to the affirmative defense of extreme emotional disturbance. The view of the majority, that submission of irreconcilably conflicting evidence of extreme emotional disturbance discharges defendant’s burden of proof and compels a charge of the defense of extreme emotional disturbance, blurs the distinction embodied in statute between affirmative and other defenses, and impermissibly reduces defendant’s burden of proof and persuasion. Accordingly, I respectfully dissent.
While the Model Penal Code would, as a matter of policy, place the burden of proving the nonexistence of most affirmative defenses, including extreme emotional disturbance, upon the prosecution once the defendant has come forward with some evidence that the defense is present, New York has specifically rejected this view. New York has classified the defense of extreme emotional disturbance as an affirmative defense (Penal Law § 125.25 [1]), thus placing upon the defendant the "burden of establishing such a defense by a preponderance of the evidence” (Penal Law § 25.00 [2]).[1] Use of the phrase "burden of establishing” makes it clear, because it could have no other meaning, that the defendant carries both the burdens of going forward with the evidence and ultimate persuasion. (People v Laietta, 30 NY2d 68, 74, cert denied 407 US 923.) The placing of the burden of proof upon defendant is fair because of defendant’s unique knowledge or access to the evidence tending to show his mental state. The burden of proof, and the risk of nonpersuasion, rests squarely upon defendant.
In my view, there must be a threshold determination by the trial court whether defendant has set forth sufficient credible evidence from which a jury may find, by a preponderance of the evidence, that the elements of the affirmative defense have been satisfied. This burden is not satisfied by submitting some evidence that the defense exists, but, as noted by the Supreme Court, facts making out the defense must be established by the defendant with "sufficient certainty” before the affirmative defense may be charged. (Patterson v New York, 432 US 197, 207, affg 39 NY2d 288.) In this case, defendant *892 sought the charge of extreme emotional disturbance, not upon psychiatric testimony, as is the custom (see, e.g., People v Casassa, 49 NY2d 668, 674), but upon self-serving, conflicting statements from which a likelihood of rationality could well have been inferred by the trial court.[2] The submission of irreconcilably conflicting evidence to the jury "would have invited the jury to impermissibly speculate as to the defendant’s state of mind” at the time of the murder. (People v Walker, 64 NY2d 741, 743.)[3]
In view of the conflicting and unreliable nature of the evidence advanced by defendant in support of his affirmative defense, and recognizing that defendant’s volitional conduct *893 precipitated the murder, defendant has failed to establish a credible basis from which a jury could rationally conclude that the elements of the affirmative defense of extreme emotional disturbance were present. Inasmuch as the two statements relied upon by defendant were "conclusory and patently ambiguous”, defendant was required to come forward with psychiatric or other evidence in order to satisfy the elements of the affirmative defense. (People v P. J. Video, 65 NY2d 566, 571, cert granted — US —, 106 S Ct 244 [Oct. 21, 1985].) Absent such clarification, I cannot accept the view, advanced by the majority today, that the trial court erred, as a matter of law, in refusing to charge the jury the affirmative defense of extreme emotional disturbance, and would, therefore, affirm the order of the Appellate Division.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Jasen dissents and votes to affirm in an opinion.
Order reversed, etc.

. Compare, Penal Law § 25.00 (1), which provides that where a "defense” is raised at trial, the People have the burden of disproving such defense beyond a reasonable doubt.

. Defendant’s statements to authorities represented the sole evidence advanced by defendant in support of his contention that he committed murder while in a state of extreme emotional disturbance. In one statement, defendant claimed that the victim became mad at him for his failure to obtain an erection, and in the other statement, indicated that the victim laughed at his impotency. Defendant’s statements were further inconsistent as in one instance defendant claimed the victim initiated contact with him with his carving knife, and in the other statement, he indicated that he reached into his coat, withdrew the knife, and began slashing the victim.
Not only were defendant’s statements inconsistent, they tended to demonstrate rationality. By noting that he visited the victim’s apartment at about "4 or 5 o’clock”, remained there until 7 o’clock, and then walked a quarter of a mile away with a companion, defendant demonstrated an awareness of time and distance. Defendant attempted to conceal the victim’s identity by separating the head from the body, and disposing of the head. Defendant attempted to conceal his crime by wrapping the victim’s body in rags, placing it in the bathtub, and setting fire to a neighboring closet. Defendant’s conduct could well have been viewed as volitional, deliberate and calculated.
In theory, the affirmative defense permits a defendant to establish that his criminal conduct was caused by circumstances beyond his control. (Comment, Affirmative Defenses Under New York’s New Penal Law, 19 Syracuse L Rev 44, 45.) In this case, defendant knew that he could not engage in sexual intercourse when drinking, yet he drank for a number of hours before attempting relations with his victim. The record does not indicate the reason why defendant was in possession of a carving knife, the murder weapon, during his second visit to the victim’s apartment, nor at what time defendant came into possession of the murder weapon.

. The majority notes that it was for the jury to "resolve inconsistencies in testimony” (majority mem, at p 890, n). Defendant did not testify at trial as to his mental state at the time he committed the murder. Detective Mak and an Assistant District Attorney recounted their conversations with defendant, and defendant simply relied upon the indirect and secondhand evidence supplied by these two individuals in support of his affirmative defense. Under these circumstances, any attempt by the jury to resolve inconsistencies between defendant’s statements would have been based upon sheer speculation.