◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUINTANA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 11, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly refused the defendant's request to charge the jury regarding the defense of extreme emotional disturbance, as viewing the evidence in the light most favorable to the defendant, there was insufficient evidence from which a jury could find by a preponderance of the evidence that the elements of this affirmative defense were satisfied (see, People v Moye, 66 NY2d 887; People v Walker, 64 NY2d 741, rearg dismissed 65 NY2d 924; People v Knights, 109 AD2d 910).

We further note that the court's refusal to charge manslaughter in the second degree (reckless manslaughter) as a lesser included offense of murder in the second degree was entirely proper as no reasonable view of the evidence would support a finding that the defendant acted recklessly rather than intentionally (see, People v Green, 56 NY2d 427, rearg denied 57 NY2d 775; People v Bell, 111 AD2d 926, lv denied

66 NY2d 917). In any event, any error in failing to charge manslaughter in the second degree was harmless as the jury rejected the intoxication defense and additionally rejected the lesser included charge of manslaughter in the first degree and convicted the defendant of the higher crime of murder in the second degree *(see, People v Wilder,* 132 AD2d 683).

Lastly, the sentence imposed was neither harsh nor excessive. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.