■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

VICTOR FERIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered October 31, 1986, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, the defendant maintains that the court erred in failing to charge the jury with respect to the defense of extreme emotional disturbance. The defendant's failure to request such an instruction or to object on this ground to the charge, however, precludes this court's review of any error of law in this respect (see, CPL 470.05 [2]; People v Guevara, 134 AD2d 518, 519, lv denied 71 NY2d 897). In any event, we find that the evidence did not indicate that the defendant in fact acted under the influence of extreme emotional disturbance and that he had a reasonable explanation or excuse for his condition (see, People v Casassa, 49 NY2d 668, cert denied 449 US 842; see generally, People v Tabarez, 113 AD2d 461, affd 69 NY2d 663). The defendant's "normal" appearance during a conversation with two witnesses immediately prior to the incident and his ability to skillfully drive his car backward and to negotiate a U-turn while in reverse in an effort to flee the scene is inconsistent with the loss of self-control associated with this defense (see, People v Moye, 66 NY2d 887, 890). Neither the defendant's jealousy and anger over the complainant's new boyfriend, nor the evidence that he had been drinking on the date of the stabbing constitutes a reasonable explanation or excuse for the proffered emotional disturbance defense (see, People v Walker, 64 NY2d 741, 743, rearg dismissed 65 NY2d 924; People v Deresky, 137 AD2d 704, 705, lv denied 71 NY2d 1025; People v Knights, 109 AD2d 910, 911).

Furthermore, we reject the defendant's contention that the court improperly denied his request to charge assault in the second degree as a lesser included offense of assault in the first degree. Viewing the evidence in the light most favorable to the defendant, we conclude that there was no reasonable view of the evidence which would have supported the submission of that offense to the jury. In any event, given the defendant's conviction on the top charge of attempted murder, any error in this regard was rendered harmless (see, People v Boettcher, 69 NY2d 174, 180; People v Richette, 33 NY2d 42, 45-46; People v Quintana, 135 AD2d 752, lv denied 71 NY2d 901).

We have considered the remaining contentions raised by the

defendant in his *pro se* supplemental brief and find them to be without merit. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.