■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHEGOG, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03). The record reveals that at about 12:30 A.M. on the morning of January 23, 1986, defendant's wife and her sister were shot while seated in a car. Defendant's wife was dead on arrival at the hospital. Her sister survived and testified at trial that defendant shot them from close range.

On appeal, defendant argues that the court erred in refusing his request to charge manslaughter in the first degree as a lesser included offense of the murder charges on the theory of extreme emotional disturbance (Penal Law § 125.20 [2]). We conclude, from our review of the record, that the court properly determined that defendant was not entitled to a charge on extreme emotional disturbance.

To be entitled to the charge, defendant must present sufficient evidence to the jury to support a finding by a preponderance of the evidence that the elements of the affirmative defense are satisfied *(People v Moye,* 66 NY2d 887, 889; *People v Walker,* 64 NY2d 741). This defense contains two elements, one subjective and one objective. Defendant must show that he did act under the influence of extreme emotional disturbance and that there was a reasonable explanation or excuse for the emotional disturbance *(People v Moye, supra,* at 890; *see also, People v Casassa,* 49 NY2d 668, 678-679, *cert denied* 449 US 842). Defendant testified and presented an alibi witness, flatly denying that he participated in the shooting. Therefore, he presented no evidence concerning his mental condition at the

time of the crime. He did testify to some marital discord and jealousy, but minimized its effect on him emotionally. Such evidence was not indicative of the type of loss of self-control associated with the defense of extreme emotional disturbance *(cf., People v Lyness,* 115 AD2d 333, *lv denied* 69 NY2d 747, *cert denied* 481 US 1070).

Defendant contends also that the court improperly received into evidence a note written by him and found in his wife's desk after her death. He asserts that the note was neither relevant nor probative; the prosecution maintains that the note circumstantially established defendant's motive and intent in the commission of the murder.

The note was relevant to prove circumstantially defendant's intent. "Relevant evidence means 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' " *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; *see also,* Richardson, Evidence § 146 [Prince 10th ed]). The fact that this evidence is equivocal or consistent with suppositions other than guilt does not render it inadmissible *(People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679). Arguments concerning the meaning of the words would go to the weight, but not necessarily the admissibility, of the evidence *(cf., People v Vargas,* 125 AD2d 429, *lv denied* 69 NY2d 887).

We have reviewed the other claims raised by defendant on this appeal and find them to be without merit. (Appeal from judgment of Erie County Court, D'Amico, J.—murder, second degree, and other charges.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.