■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN REEVES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 24, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was involved in a dispute with the proprietor of a barbershop where the defendant had just had his hair cut, and was sprayed in the face with mace by the proprietor. The defendant left the shop and reentered approximately five minutes later, pulled out a pistol, and shot the proprietor from a distance of approximately one foot. The proprietor thereafter died of a single gunshot wound.

On appeal, the defendant's only claim of error is the trial court's refusal to instruct the jury with respect to the affirmative defense of extreme emotional disturbance *(see,* Penal Law § 25.00 [2]; § 125.25 [1] [a]). However, viewing the evidence in a light most favorable to the defendant *(see, People v Moye,* 66 NY2d 887, 889), we agree with the trial court that no reasonable interpretation of that evidence supports the requested charge. There is here no reasonable explanation for the existence of an emotional disturbance *(cf., People v Walker,* 64 NY2d 741, 743; *see, People v Feris,* 144 AD2d 691, 692; *People v Deresky,* 137 AD2d 704), and "the evidence at trial showed [only] that defendant acted out of anger or embarrassment, or both" *(People v Walker, supra,* at 743). These emotions are "not equivalent to the loss of self-control generally associated with that defense" *(People v Walker, supra,* at 743). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.