■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DURR, Appellant. [604 NYS2d 385] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of one count of sodomy in the first degree (Penal Law § 130.50 [3]). On appeal, defendant argues that the court erred in admitting into evidence a misleading redacted statement: "I know that I am a sick man and I want to kill the human race. I know that I have a problem and that what I did was wrong, and I want to get help." The statement was redacted from defendant's confession to an uncharged act of sodomy.

The court erred in allowing into evidence the redacted version of the statement, holding that it related to a "consciousness of guilt and a state of mind." In the redacted version, defendant's admission of guilt appeared to relate to either the charged crimes or a general propensity to commit sodomy.

The People argue that the redacted version was ambiguous and, therefore, admissible under *People v Shegog* (155 AD2d 891, *lv denied* 75 NY2d 818). The People cite *Shegog* for the proposition that evidence that is equivocal or consistent with suppositions other than guilt may still be admissible. Unlike

*Shegog,* however, here there is no ambiguity in the redacted version of defendant's statement. The statement was both prejudicial and misleading. The error was not harmless. Defendant was acquitted on one count of the two count indictment. There is a significant probability that, but for the error, the jury would have acquitted defendant on the other count *(see, People v Crimmins,* 36 NY2d 230, 242).

In view of our decision to reverse, we do not reach the other issue raised by defendant. (Appeal from Judgment of Monroe County Court, Marks, J.—Sodomy, 1st Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.