■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALSIE LOVETTE, Appellant. [622 NYS2d 588] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered October 4, 1991, convicting her of murder in the second degree (two counts), conspiracy in the second degree, and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Harrington, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court erred by denying the defendant's request to charge the jury on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). We disagree. Viewing the evidence in the light most favorable to the defendant *(People v Moye,* 66 NY2d 887, 889), the trial court correctly determined that there was no reasonable interpretation of the evidence to support the requested charge. Under the facts of this case, there is no evidence that the defendant acted under any "loss of self-control generally associated with that defense" *(People v Walker,* 64 NY2d 741, 743), nor is there any reasonable explanation for the alleged emotional disturbance *(see, People v Feris,* 144 AD2d 691, 692).

The trial court also properly denied the branch of the defendant's omnibus motion which was to suppress her state-

ment to the police. That the defendant was represented by counsel in an unrelated real estate matter at the time that she waived her rights to counsel and to remain silent does not warrant suppression of her statement *(see, People v Bing,* 76 NY2d 331).

Furthermore, viewing the totality of the circumstances *(see, People v Casassa,* 49 NY2d 668, 681, *cert denied* 449 US 842; *People v Anderson,* 42 NY2d 35, 38), a reasonable person in the defendant's position, free of any crime, would not have believed that she was under arrest prior to receiving *Miranda* warnings *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). The defendant voluntarily went to the police station to finalize a list of allegedly stolen items. She drove there with her two sons, in her son's van. She was not handcuffed or restrained in any way, nor was she subjected to the show of any official force or power. She spent no more than three hours at the police station prior to making her statement. And she was not questioned about the crime until after *Miranda* warnings were given to her *(see, People v Rose,* 187 AD2d 617).

We have examined the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.