■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRIOS GOROS, Appellant. [638 NYS2d 107] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 28, 1993, convicting him of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated July 24, 1995 (People v Goros, 217 AD2d 665), this Court remitted the matter to the Supreme Court, Kings County, for a reconstruction hearing to determine whether the regular and alternate jurors ate lunch together while the jury was deliberating, and for a report to this Court, and the appeal was held in abeyance in the interim. After the hearing, the defendant has withdrawn this issue from his appeal.

Ordered that the judgment is affirmed.

Since the defendant failed to request that the court charge the jury on attempted manslaughter in the first degree as a lesser-included offense of attempted murder in the second degree, based on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]), the court's failure to so charge did not constitute error (see, CPL 300.50 [2]; People v Feris, 144 AD2d 691). In any event, viewing the evidence in the light most favorable to the defendant (see, People v Moye, 66 NY2d 887), it failed to support that defense. The defendant's behavior, whereby he paused to empty spent shells into a garbage can in the kitchen after shooting the victim, then retrieved additional bullets from his bedroom, reloaded his gun, and shot his victim again, was inconsistent with the loss of self control normally associated with the defense of extreme emotional disturbance (see, People v Lovette, 212 AD2d 639; People v Feris, supra).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.