101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James Edward MOORE, Petitioner-Appellant,
v.
Robert E. KUHLMANN, Respondent-Appellee.
 No. 95-2611.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Susan D. Fitzpatrick, Ossining, New York.
 APPEARING FOR APPELLEE: Margaret E. Mainusch, Assistant District Attorney for Nassau County, Mineola, New York.
 E.D.N.Y.
 AFFIRMED.
 Before LUMBARD, VANGRAAFEILAND and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant James Edward Moore appeals from a judgment entered July 27, 1995 in the United States District Court for the Eastern District of New York that denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Moore had previously been convicted of second degree murder in violation of New York Penal Law § 125.25 and is presently serving a twenty-five-years-to-life term of imprisonment. In his pro se submission to the district court, Moore, who is seeking relief pursuant to § 2254 for the second time, contended that his conviction was obtained through the knowing use of perjured testimony in violation of the Due Process Clause of the Fourteenth Amendment. The district court denied Moore's petition and granted a certificate of probable cause. Moore now appeals, represented by counsel.
 
 
 4
 2. On June 20, 1982, Moore shot and killed Robert Smith outside the home of Moore's sister, Louise Moore. At trial, Moore was identified as the shooter by his then twelve-year old nephew, Rodney Moore ("Rodney"), and a second witness. During his trial testimony, Rodney denied having made an earlier statement that he had seen Moore and Smith engaged in a fist fight immediately prior to the shooting. Defense counsel attempted to persuade the jury that the eyewitness testimony was unreliable and that another person had been the shooter. The jury rejected this argument and found Moore guilty of murder.
 
 
 5
 3. In 1990, Rodney made a series of three sworn statements in which he alleged that he did not tell the "whole truth" at Moore's trial. In these statements, Rodney contended that, in the moments preceding the shooting, he had seen Smith and Moore fighting and had seen Smith holding an object that may have been a stick or a pipe. Rodney alleged in his first statement that he had testified falsely at the behest of his mother, and in his third statement that both his mother and detectives working on the case had coerced his false testimony.
 
 
 6
 4. In ruling on Moore's petition, the district court did not reach the question whether Moore had abused the writ by failing promptly to bring Rodney's 1990 recantation to the attention of the court when his first habeas petition was pending. The district court concluded that in any event, Moore's petition failed on the merits. We agree that even if Moore's second habeas petition is not procedurally barred, Moore has failed to establish that Rodney's recantation warrants relief.
 
 
 7
 5. For the purposes of this appeal, we assume without deciding, as did the district court, that Rodney testified falsely at Moore's trial. There is no evidence that the prosecution knew or should have known about the compulsion of Rodney's testimony, even if we credit Rodney's assertion that detectives compelled it. See United States v. Locascio, 6 F.3d 924, 949 (2d Cir.1993) (noting, in context of alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), that court "will not infer the prosecutors' knowledge [of material evidence] simply because some other government agents knew about the [evidence]"), cert. denied, 114 S.Ct. 1645, 1646 (1994); United States v. Quinn, 445 F.2d 940, 944 (2d Cir.) (holding that knowledge by one part of the government does not establish knowledge by the prosecution), cert. denied, 404 U.S. 850, 945 (1971). Further, after the allegedly false testimony was adduced on cross-examination and Rodney's grand jury testimony (which is consistent with his current recantation) was then examined, the prosecution stipulated to the accuracy of the grand jury testimony as represented by defense counsel during his examination. Thus, the district court properly evaluated Moore's claim under the standard applicable in the absence of prosecutorial misconduct.
 
 
 8
 6. Absent evidence that the prosecution knew or should have known of the postulated perjury, relief "is warranted only if the testimony was material and 'the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted.' " See United States v. Wallach, 935 F.2d 445, 456 (2d Cir.1991) (quoting Sanders v. Sullivan, 863 F.2d 218, 226 (2d Cir.1988)) (alteration in Wallach ). Moore argues that he has satisfied this standard because, had Rodney testified truthfully at trial, Moore would likely have been acquitted on the charge of murder based either on emotional distress, intoxication, or self-defense.
 
 
 9
 7. We agree with the district court that even if Rodney had testified truthfully regarding the fight between Moore and Smith, Moore would have been convicted. Moore's counsel at trial pressed the contention that Moore had not shot Smith, and never raised a defense of diminished capacity. Rodney's testimony that he had not seen a fight between Moore and Smith simply had no bearing on the jury's ultimate finding that Moore shot and killed Smith. Furthermore, even if diminished capacity had been at issue at trial, we doubt that Rodney's testimony would support any of Moore's theories under New York law. See People v. Walker, 64 N.Y.2d 741, 743, 485 N.Y.S.2d 978, 979 (1984) (mem.) (discussing extreme emotional disturbance); People v. Patterson, 39 N.Y.2d 288, 302-04, 383 N.Y.S.2d 573, 582-83 (1976) (same), aff'd. sub nom. Patterson v. New York, 432 U.S. 197 (1977); People v. Dominguez, No. 94-05192, 1996 WL 158613, at * 1 (N.Y.App. Div.2d Dep't Apr. 1, 1996) (same); People v. Gaines, 83 N.Y.2d 925, 927, 615 N.Y.S.2d 309, 310 (1994) (mem.) (discussing intoxication); People v. Watts, 57 N.Y.2d 299, 301-02, 456 N.Y.S.2d 677, 678-79 (1982) (discussing self-defense). Accordingly, we conclude that the false statements in Rodney's trial testimony had no likely effect on the outcome of Moore's trial.