■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ANDERSON, Appellant. [686 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered November 26, 1996, convicting him of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials since the hearing testimony established that his statements were voluntarily given after he was properly informed of his *Miranda* rights and agreed to waive them (*see, Miranda v Arizona,* 384 US 436; *People v Huntley,* 15 NY2d 72; *People v Rodriguez,* 167 AD2d 562). Furthermore, there is no merit to the defendant's contention that his statements should be suppressed because he was denied his constitutional right to counsel (*see, People v Bing,* 76 NY2d 331; *People v Lovette,* 212 AD2d 639).

The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.