◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJAN BROWN, Appellant. [693 NYS2d 606] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 23, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM BROWN, Appellant. [691 NYS2d 790] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered October 11, 1995, convicting her of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish her guilt of intentional murder in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light

most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Since the defendant specifically waived the right to a charge of extreme emotional disturbance, the court's failure to so charge did not constitute error (*see, People v Petrovich,* 87 NY2d 961; *People v Feris,* 144 AD2d 691).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in her supplemental *pro se* brief, are without merit. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.