■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS COLON, Appellant. [774 NYS2d 716]—

Appeals by the defendant from (1) a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 24, 1999, convicting him of murder in the first degree, murder in the second degree (three counts), robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the fourth degree under Indictment No. 98-476, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court also rendered June 24, 1999, convicting him of attempted assault in the second degree under Indictment No. 99-043, upon his plea of guilty, and imposing sentence. The appeal from the first judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his written confession and inculpatory statements to law enforcement officials with respect to a stabbing death and robbery in which he was a suspect, as the hearing testimony established that the confession and statements were voluntarily given after he was properly informed of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and agreed to waive them (*see Miranda v Arizona, supra; People v Huntley,* 15 NY2d 72 [1965]; *People v Anderson,* 260 AD2d 386, 387 [1999]).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to the charges of murder in the first and second degree, robbery in the first and second degree, and criminal possession of a weapon in the fourth degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]; *see also People v Hall,* 302 AD2d 406 [2003]).

With respect to the defendant's conviction of attempted assault in the second degree, we have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel in connection with that appeal is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.