◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAHIR NAQVI, Appellant. [17 NYS3d 762]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered September 24, 2009, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, and determinate terms of imprisonment of 15 years on the conviction of criminal possession of a weapon in the second degree and seven years on the conviction of criminal possession

of a weapon in the third degree, all sentences to run concurrently with each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 18 years to life; as so modified, the judgment is affirmed.

Because the defendant failed to request that the trial court charge the jury on manslaughter in the first degree as a lesser-included offense of murder in the second degree, based on the affirmative defense of extreme emotional disturbance (*see* Penal Law § 125.25 [1] [a]), the court's failure to so charge did not constitute error (*see* CPL 300.50 [2]; *People v Emiliano*, 246 AD2d 553, 554 [1998]; *People v Goros*, 224 AD2d 444 [1996]; *People v Feris*, 144 AD2d 691 [1988]). On appeal, the defendant contends that his conviction of murder in the second degree is against the weight of the evidence in light of the fact that he acted under extreme emotional disturbance, and that we should reduce that conviction to manslaughter in the second degree. However, as " '[t]he Appellate Division is constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant' " (*People v Cooper*, 88 NY2d 1056, 1058 [1996], quoting *People v Noble*, 86 NY2d 814, 815 [1995]), the People are correct that this Court cannot consider that defense in conducting a weight of the evidence review (*see People v Cooper*, 88 NY2d at 1058).

The defendant further contends that he was deprived of the effective assistance of counsel based on his trial counsel's failure to raise an affirmative defense of extreme emotional disturbance and to request a charge of manslaughter in the first degree based on that defense. While we cannot consider that defense in a weight of the evidence review, we consider that defense in addressing the defendant's ineffective assistance claim. The record does not support an affirmative defense of extreme emotional disturbance, as it is devoid of evidence that the defendant was "actually influenced by an extreme emotional disturbance" when he shot the victim (*People v Harris*, 95 NY2d 316, 319 [2000]; *People v Roche*, 98 NY2d 70, 76 [2002]; *see People v Casassa*, 49 NY2d 668, 678-679 [1980]; *cf. People v McKenzie*, 19 NY3d 463 [2012]; *People v Moye*, 66 NY2d 887 [1985]; *People v Sepe*, 111 AD3d 75 [2013]). While the facts alleged by the defendant, namely, the victim's three-year affair with the defendant's wife, and the knowledge that "everyone in his extended family knew of his disgrace and humiliation,"

might serve "as the 'reasonable explanation' for the presence of 'extreme emotional disturbance[,]' they are not equivalent to the loss of self-control generally associated with that defense, and are not necessarily indicative of the 'mental infirmity[,']' not rising to the level of insanity" (*People v Walker*, 64 NY2d 741, 743 [1984]) that must be shown. Accordingly, defense counsel's failure to raise the affirmative defense of extreme emotional disturbance and to request the corresponding jury charge did not amount to ineffective assistance of counsel, since "an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (*People v Ennis*, 11 NY3d 403, 415 [2008]; *see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Rahman*, 119 AD3d 820, 821 [2014]). It is clear from the record as a whole that the defendant received meaningful representation (*see People v Carncross*, 14 NY3d 319, 331 [2010]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's challenge to certain remarks made by the prosecutor during voir dire and summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, while the comments were improper, they did not deprive the defendant of a fair trial (*see People v Ward*, 106 AD3d 842, 843 [2013]; *People v Philbert*, 60 AD3d 698 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The sentence imposed was excessive to the extent indicated herein. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.