People v Deane (2018 NY Slip Op 03540)





People v Deane


2018 NY Slip Op 03540


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2014-00671
 (Ind. No. 2038/11)

[*1]The People of the State of New York, respondent, 
v
Akeem Deane, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Sullivan & Cromwell LLP [Maya Krugman], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered December 12, 2013, convicting him of murder in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, murder in the second degree. During trial, the trial court asked defense counsel if he wished to pursue the affirmative defense of extreme emotional disturbance. Defense counsel explicitly chose not to pursue the defense. On appeal, the defendant argues that he was deprived of a fair trial by the court's failure to charge the jury on the defense of extreme emotional disturbance. Since the defendant specifically waived the right to a charge on extreme emotional disturbance, the trial court's failure to so charge did not constitute error (see People v Brown , 262 AD2d 569; see also People v Petrovich , 87 NY2d 961; People v Feris , 144 AD2d 691), and did not deprive the defendant of a fair trial.
The sentence imposed was not excessive (see People v Suitte , 90 AD2d 80).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court